FILED
HARRISBURG, PA

AUG 0 1 2025

PER \_\_\_\_IBL\_\_\_\_
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY G. STOKES,             Plaintiff,

v.                             Civil Action No. 1:25cv1428

MARIA P. COGNETTI,             Defendant.    JURY TRIAL DEMANDED

**COMPLAINT**

**I. INTRODUCTION**

1. This action seeks damages for legal malpractice, breach of fiduciary duty, fraud, and intentional infliction of emotional distress arising from Defendant's grossly negligent representation of Plaintiff during ongoing divorce proceedings.

2. Defendant's conduct included, but was not limited to, failure to provide competent legal counsel, abandonment of Plaintiff's case during a critical phase, fraudulent billing practices, and retaliation when asked to issue a refund.

3. Defendant acted with malicious intent, exploiting Plaintiff's vulnerable position as a disabled litigant dependent on Social Security Disability Insurance (SSDI) and attempting to intimidate him into silence.

**II. JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1343.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the Middle District of Pennsylvania and because Defendant resides and practices law in this District.

**III. PARTIES**

6. Plaintiff Gregory G. Stokes is an adult individual residing at 100 Reeser Road, Camp Hill, Pennsylvania 17011.

7. Defendant Maria P. Cognetti is an attorney licensed in Pennsylvania who practices family law and maintains offices within the Commonwealth.

## IV. FACTUAL ALLEGATIONS

8. In May 2024, Plaintiff retained Defendant to represent him in a contentious divorce proceeding involving significant assets, real property, and a disputed prenuptial agreement.

9. Plaintiff paid Defendant an initial retainer of $15,525 in May 2024, followed by an additional $10,000 in January 2025, totaling $25,525.

10. Defendant failed to act in Plaintiff's best interests, ignored critical legal issues, and ultimately provided substandard and harmful representation.

11. Plaintiff is a disabled individual receiving SSDI and living on a limited fixed income.

12. On or about April 19, 2024, prior to Defendant's engagement as counsel, Plaintiff issued a detailed written response to opposing counsel Karen DeMarco concerning marital property, financial obligations, healthcare continuity, and the legitimacy of a purported prenuptial agreement. This letter articulated Plaintiff's positions on equitable distribution, premarital contributions from family, his reliance on Social Security Disability Insurance (SSDI), and the flawed custody and validity of the prenuptial agreement.

13. In that correspondence, Plaintiff informed opposing counsel of his fixed-income status due to disability, the loss of healthcare benefits resulting from the separation, and the likelihood of requiring Medicare plus supplemental coverage—explicitly requesting that Defendant's client cover those costs given her substantially greater income.

14. The letter also addressed the disproportionate financial contributions to jointly owned properties, including a $150,000 gift from Plaintiff's mother used to purchase investment real estate. It outlined a fair formula for distribution of property proceeds based on documented contributions.

15. Plaintiff also raised serious legal concerns regarding the prenuptial agreement, including: lack of independent legal counsel, Defendant's client retaining all original and copied documents, and the absence of chain-of-custody or authentication opportunities following the death of the attorney who drafted the agreement.

16. Plaintiff further disclosed to opposing counsel that he possessed video evidence of physical abuse by Defendant's client, and stated his intent to report it to law enforcement if her ongoing false narrative of domestic violence continued to escalate.

17. Defendant, when later retained, had access to this correspondence and was made fully aware of the key positions Plaintiff had already documented. Rather than use this roadmap to

advance Plaintiff's legal and financial interests, Defendant ignored or minimized most of these issues, failed to assert Plaintiff's documented concerns, and ultimately positioned Plaintiff to suffer even greater legal, emotional, and financial harm.

18. Defendant failed to challenge the validity of the prenuptial agreement or investigate the chain-of-custody issues despite being on clear notice from Plaintiff's April 2024 correspondence.

19. Defendant failed to pursue reimbursement or continuity of healthcare coverage for Plaintiff despite his well-documented SSDI status.

20. Defendant failed to pursue recovery of the $150,000 gifted from Plaintiff's mother for investment properties.

21. Defendant abandoned Plaintiff's case during a critical phase of the divorce litigation.

22. Defendant issued a partial refund of $2,213.83 on or about June 30, 2025, representing only 22% of the January 2025 payment and approximately 8.6% of the total amount paid.

23. Defendant retaliated against Plaintiff's refund request with condescending and dismissive correspondence.

24. As a result of Defendant's misconduct, Plaintiff was forced to hire new counsel at great expense and ultimately was left to represent himself pro se.

25. Plaintiff has suffered significant financial harm, emotional distress, and has been forced to expend countless hours attempting to correct the damage caused by Defendant.

## V. CAUSES OF ACTION

### COUNT I – LEGAL MALPRACTICE

26. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

27. Defendant owed Plaintiff a duty to provide competent and diligent representation consistent with the standards of the legal profession.

28. Defendant breached this duty through negligent omissions, failure to act, and disregard of Plaintiff's legal interests.

29. As a direct and proximate result of Defendant's malpractice, Plaintiff has suffered financial loss, reputational damage, and emotional distress.

## COUNT II – BREACH OF FIDUCIARY DUTY

30. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

31. Defendant owed Plaintiff a fiduciary duty to act with loyalty, honesty, and in Plaintiff's best interests.

32. Defendant breached this duty by prioritizing self-interest, ignoring Plaintiff's directives, and failing to advocate for key issues raised in advance.

33. Defendant's actions constitute a willful and malicious breach of fiduciary duty.

## COUNT III – FRAUD

34. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

35. Defendant made material misrepresentations and omissions regarding the scope of representation, billing practices, and actions taken on Plaintiff's behalf.

36. Defendant knowingly or recklessly disregarded the truth of those representations.

37. Plaintiff justifiably relied on Defendant's representations to his detriment.

38. Defendant's fraudulent conduct directly caused Plaintiff substantial harm.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

40. Defendant's conduct was extreme, outrageous, and intended to cause or recklessly disregarded the likelihood of causing emotional distress.

41. Plaintiff experienced severe mental anguish, humiliation, and distress as a result of Defendant's conduct.

42. The harm suffered was foreseeable and directly caused by Defendant's outrageous actions.

## VI. DAMAGES AND RELIEF SOUGHT

43. As a result of Defendant's conduct, Plaintiff seeks the return of the full $25,525 paid, consequential damages for the cost of replacing legal counsel, and the value of lost claims and opportunities.

44. Plaintiff further seeks damages for emotional distress and loss of trust in the legal system.

45. Plaintiff respectfully requests treble damages under applicable law.

46. Plaintiff also seeks relief under the Americans with Disabilities Act for Defendant's failure to accommodate his status as an SSDI recipient.

47. Plaintiff's April 2024 letter—well before retaining Defendant—clearly identified his reliance on SSDI, the pending loss of spousal healthcare coverage, and the anticipated need for Medicare and supplemental insurance. Defendant's failure to advocate for continuity of care, or to seek reimbursement or accommodations for healthcare expenses, represents both a financial injury and a failure to reasonably accommodate Plaintiff's disability, in violation of the Americans with Disabilities Act.

## VII. JURY DEMAND

48. Plaintiff demands a trial by jury on all claims so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

A. Compensatory damages in excess of $75,000;

B. Treble damages as allowed by law;

C. Emotional distress damages;

D. Statutory damages under the ADA;

E. Pre- and post-judgment interest;

F. Attorney's fees and costs of this action;

G. Any further relief this Court deems just and proper.

Respectfully submitted,

Dated: 8-1-2025

Gregory G. Stokes
Plaintiff, Pro Se
100 Reeser Road
Camp Hill, PA 17011
gstokes20@yahoo.com
(717) 562-2165

To: (Defendant's name and address)
Maria P. Cognetti
3304 Market Street, Camp Hill, PA 17011

A lawsuit has been filed against you by Gregory G. Stokes.

You must serve on the plaintiff an answer within 21 days after service of this summons on you.

Plaintiff's contact information:
Gregory G. Stokes
100 Reeser Road, Camp Hill, PA 17011
(717) 562-2165
gstokes20@yahoo.com

Plaintiff: Gregory G. Stokes

Defendant: Maria P. Cognetti

County of Residence of First Listed Plaintiff: Cumberland

County of Residence of First Listed Defendant: Cumberland

Basis of Jurisdiction: Federal Question

Nature of Suit: 440 Other Civil Rights

Cause of Action: Legal malpractice, ADA violations, fraud, and breach of fiduciary duty.

Requested in Complaint: Jury Demand: Yes

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2025, I caused a true and correct copy of the foregoing Complaint, Civil Cover Sheet, and Summons to be served via U.S. Mail, First-Class postage prepaid, addressed as follows:

Maria P. Cognetti

3304 Market Street

Camp Hill, PA 17011

Respectfully submitted,

Gregory G. Stokes

100 Reeser Road

Camp Hill, PA 17011

gstokes20@yahoo.com

(717) 562-2165

Gregory G. Stokes
100 Reeser Road
Camp Hill, PA 17011
(717) 562-2165
gstokes20@yahoo.com

August 1, 2025

Clerk of Court
United States District Court
Middle District of Pennsylvania
Ronald Reagan Federal Building
228 Walnut Street
Harrisburg, PA 17101

Re: Civil Filing – Stokes v. Cognetti

Dear Clerk:

Enclosed for filing in the matter of Gregory G. Stokes v. Maria P. Cognetti are the following:

1. Original signed Complaint
2. Civil Cover Sheet (JS-44)
3. Summons in a Civil Action (AO 440)
4. Certificate of Service
5. Filing fee check in the amount of $402.00

This action is filed under Cause of Action "C" – Federal Question Jurisdiction, as the claims include violations of the Americans with Disabilities Act (ADA) and other federally protected rights.

Please assign a civil case number and issue the Summons. If further information is required, I can be reached at the contact information above.

Thank you for your attention.

Respectfully,

Gregory G. Stokes